**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4094**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RICHARD GEREL BLUE,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00097-LHT-1)

_____

Submitted: August 20, 2009   Decided: August 31, 2009

_____

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Gerel Blue, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Gerel Blue pleaded guilty to possession of ammunition after having been convicted of a crime punishable by more than a year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Blue to twenty-seven months of imprisonment. On direct appeal, Blue has chosen to proceed pro se. Construing his claims liberally, Blue asserts that his counsel rendered ineffective assistance, that the district court erred in denying his request for new counsel, and that he was denied a fair trial because he did not have an opportunity to review all the Government's evidence. Finding no error, we affirm.

Blue first claims that his counsel was ineffective for failing to communicate with him about his case. To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show

prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

This court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that Blue has failed to demonstrate that ineffective assistance conclusively appears on the record and, therefore, we decline to address this claim.

Blue next argues that the district court denied him a fair trial when it refused to appoint new counsel to represent him. We have thoroughly reviewed the record, however, and there is no evidence to suggest that Blue requested the appointment of substitute counsel in the district court. Therefore, this claim is without merit.

Finally, Blue argues that he was denied a fair trial when he was not given access to a piece of evidence regarding the traffic stop allegedly maintained by the Government. We have thoroughly reviewed the record and conclude that this claim is also without merit. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (when defendant pleads guilty voluntarily, he waives

challenges to deprivations of constitutional rights occurring prior to guilty plea).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4